

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL

February 18, 1976

The Honorable Thomas S. Bishop          Opinion No. H-782
Adjutant General
P. O. Box 5218                          Re:  Whether the Federal
Austin, Texas  78763                    Privacy Act of 1974 applies
                                        to the Texas National Guard.

Dear General Bishop:

      You have requested our opinion regarding whether the
Federal Privacy Act of 1974, 5 U.S.C. § 552a, is applicable
to the Texas National Guard while in State status and to the
Army and Air Technician Program.

      The purpose of the Federal Privacy Act is

            to provide certain safeguards for an
            individual against an invasion of
            privacy by requiring Federal agencies,
            except as otherwise provided by law, to
            [perform certain duties].  P.L. 93-579,
            § 2(b), U.S. Code C&A News, Vol.2 (1974)
            at 2178.  (Emphasis added).

"Agency" means "agency as defined in section 552(e) of this
title."  5 U.S.C. § 552a(a)(1).  Section 552(e) defines "agency"
to include

            any executive department, military
            department, Government corporation,
            Government controlled corporation, or
            other establishment in the executive
            branch of the Government (including the
            executive office of the President), or
            any independent regulatory agency.
            5 U.S.C. § 552(e).

p. 3301

Although no statute or judicial decision declares whether the National Guard is included within the definition of "agency," the Supreme Court has held that a member of the National Guard is not a federal employee for purposes of the Federal Tort Claims Act.  In Maryland v. United States, 381 U.S. 41 (1965), the Court ruled that the appointment of members of the Guard

> by State authorities and the immediate
> control exercised over them by the States
> make it apparent that military members of
> the Guard are employees of the States, and
> so the courts of appeals have uniformly
> held.  381 U.S. at 48.

See also Storer Broadcasting Co. v. United States, 251 F.2d 268, 269 (5th Cir. 1958), cert.den., 356 U.S. 951 (1958).  In our opinion, the status of members of a National Guard as state employees requires the conclusion that the Texas National Guard, while in state status, is a state rather than a federal agency, and that, as a result, the Federal Privacy Act is not at such time applicable thereto.  See also Mela v. Callaway, 378 F.Supp. 25, 28 (S.D.N.Y. 1974); Open Records Decision No. 115 (1975).

We are supported in this view by the provisions of 32 U.S.C. § 709, which specifically designates persons in the Army and Air Technicians Program as federal employees:

> A technician employed under subsection
> (a) is an employee of the Department of
> the Army or the Department of the Air
> Force, as the case may be, and an
> employee of the United States.  However,
> a position authorized by this section is
> outside the competitive service if the
> technician employed therein is required
> under subsection (b) to be a member of the
> National Guard.  32 U.S.C. § 709(d).

The Honorable Thomas S. Bishop - page 3  (H-782)


Thus, as to the Army and Air Technician Program, whose members are classified as federal employees, it is our opinion that the Federal Privacy Act is applicable.  As to the remainder of the Texas National Guard, however, we believe that the Federal Privacy Act has no application.

### S U M M A R Y

> The Federal Privacy Act of 1974 applies
> to the Army and Air Technician Program
> but not in general to the Texas National
> Guard while in State status.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb